IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
RAYBORN J. DURAND,              )
                                )
        Plaintiff,              )
                                )
    v.                          )       1:16cv86
                                )
ANTHONY G. CHARLES, M.D.,       )
                                )
        Defendant.              )
```

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court for an order on Plaintiff's "Motion to Compel" (Docket Entry 31). For the reasons that follow, the Court will grant in part and deny in part the Motion to Compel.

**BACKGROUND**

Alleging that Anthony G. Charles, M.D. (the "Defendant") committed acts and/or omissions amounting to deliberate indifference to his serious medical needs in February 2013, Rayborn J. Durand (the "Plaintiff") initiated this lawsuit in February 2016. (See Docket Entry 2 (the "Complaint").) After the Court (per United States District Judge Loretta C. Biggs) denied Defendant's dismissal motion (see Docket Entry 25), the parties commenced discovery (see Text Order dated Jan. 30, 2017 (authorizing discovery)). In May 2017, Plaintiff moved to compel production of materials responsive to "two document requests" that "Defendant claims . . . are beyond the scope of permiss[i]ble discovery under Rule 34 of the [Federal Rules of Civil Procedure (the "Rules")] and . . . are protected from discovery by [certain

North Carolina statutes and the] . . . attorney-client privile[g]e."  (Docket Entry 31 at 1-2.)[1]  Thereafter, Defendant served supplemental responses to the relevant document requests (see Docket Entry 32-2 (the "Supplement")) and filed "Defendant's Response in Opposition to Plaintiff's Motion to Compel" (Docket Entry 32 ("Defendant's Response")).[2]  Plaintiff did not reply to Defendant's Response.  (See Docket Entries dated June 1, 2017, to present.)

## DISCUSSION

**I. Discovery Standards**

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants," as "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."  Fed. R. Civ. P. 26 advisory committee's notes, 1983 Amendment (internal quotation marks omitted).  Therefore, "[u]nless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."

---

[1] Citations herein to Docket Entry pages utilize the CM/ECF footer's pagination.

[2] On May 15, 2017, Plaintiff submitted his Motion to Compel (see Docket Entry 31 at 3-4), which the Clerk received on May 22, 2017 (see id. at 1; see also Docket Entry 31-1 at 1).  Defendant served the Supplement on May 26, 2017 (see Docket Entry 32-2 at 2-3), and filed Defendant's Response on June 1, 2017 (see Docket Entry 32 at 7-9).

Fed. R. Civ. P. 26(b)(1).[3] Relevancy "essentially involves a determination of how substantively the information requested bears on the issues to be tried." Mills v. East Gulf Coal Preparation Co., LLC, 259 F.R.D. 118, 131 (S.D. W. Va. 2009) (internal quotation marks omitted). However, "[e]ven assuming that th[e] information is relevant (in the broadest sense), the simple fact that requested information is discoverable . . . does not mean that discovery must be had. On its own initiative or in response to a motion for protective order under Rule 26(c), a district court may limit [discovery] . . . ." Nicholas v. Wyndham Int'l, Inc., 373 F.3d 537, 543 (4th Cir. 2004). Indeed, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 426 (4th Cir. 1996); accord Cook v. Howard, 484 F. App'x 805, 812 (4th Cir. 2012) (observing that "[d]istrict courts are afforded broad discretion with respect to discovery").

## II. Analysis

Plaintiff seeks to compel materials responsive to the following document production requests:

> 2. That Defendant provide Plaintiff with a true copy of (a) any and all documents relating to any type of risk management or other inquiry(s) pertaining to Plaintiff's care at the U.N.C. Medical Center [(the "Care Request").]
>
>     . . . .

---

[3] Such information "need not be admissible in evidence to be discoverable." Id.

> 3. That Defendant provide Plaintiff with a true copy of:
> (a) any and all documents pertaining to the N.C. Medical Board inquiry initiated by Plaintiff [(the "Inquiry Request")].

(Docket Entry 32-2 at 1-2; accord Docket Entry 31 at 1.) As relevant to the Motion to Compel, the Supplement states:

> [Care Request] Supplemental Response:
>
> The only documents potentially responsive to this Request are communications between Defendant and his attorneys regarding said attorneys' investigation into this matter, and documents concerning Defendant's response to the NC Medical Board Complaint lodged by Plaintiff against Defendant. Such documents are being withheld because they are not subject to discovery. No other documents are being withheld with respect to this Request.
>
> . . . .
>
> [Inquiry Request] Supplemental Response:
>
> Documents associated with Defendant's response to the NC Medical Board complaint lodged against Defendant by Plaintiff are not subject to discovery and are being withheld.

(Docket Entry 32-2 at 1-2 (bold font and all-cap font omitted).)

Defendant's Response elaborates "that he has no documents responsive to [the Care Request] aside from communications with undersigned counsel in connection with undersigned counsel's inquiry into this matter. *See* [Supplement]. Defendant is only withholding documents responsive to Plaintiff's request for all documents pertaining to Plaintiff's N.C. Medical Board complaint against Defendant." (Docket Entry 32 at 2.) Defendant's Response further asserts that

4

> Plaintiff's request to compel documents associated with "risk management or other inquiry(s) pertaining to Plaintiff's care at U.N.C. Hospital" must be denied inasmuch as it seeks communications between Defendant and his attorneys. Plaintiff's motion to compel any other responsive material to this request is moot because Defendant has no such documents.

(Id. at 3 (citing the Supplement).)

In light of the foregoing, Defendant appears to possess (i) documents purportedly covered by the attorney-client privilege that qualify as responsive to the Care Request and (ii) documents regarding "Plaintiff's N.C. Medical Board complaint against Defendant" (id. at 2) that qualify as responsive to the Inquiry Request as well as the Care Request (to the extent it encompasses the Inquiry Request). (See id. at 2-3; see also Docket Entry 32-2 at 1-2.) In regard to the first category of documents, Defendant maintains that he withheld "communications between Defendant and his attorneys regarding said attorneys' investigation into this matter." (Docket Entry 32-2 at 1.)[4] As a general rule, the attorney-client privilege protects from disclosure confidential communications between a client and attorney regarding efforts to obtain legal services. See Chaudhry v. Gallerizzo, 174 F.3d 394,

---

4 Defendant identified the withheld documents after Plaintiff filed the Motion to Compel. Given that he declined to file a reply after receiving the Supplement and Defendant's Response, Plaintiff appears to dispute neither Defendant's description of these documents nor Defendant's assertion that he does not possess any documents responsive to the Care Request other than those (i) subject to the attorney-client privilege or (ii) also responsive to the Inquiry Request.

5

402 (4th Cir. 1999). As described, the withheld documents appear subject to the attorney-client privilege and thus merit protection from disclosure. See id. at 402-03. Accordingly, the Court will not compel production of those communications.

Defendant does not assert the attorney-client privilege for any of the documents withheld regarding the Inquiry Request. (See Docket Entry 32-2 at 2; see also Docket Entry 32 at 3-6.) Instead, Defendant argues that "the material that Plaintiff seeks is not relevant to his claim in the instant matter, and [that] the interests associated with maintaining the confidentiality of the North Carolina Medical Board's confidential investigations outweighs [sic] any limited benefit the Plaintiff could gain through obtaining these documents." (Docket Entry 32 at 4.) These arguments lack merit.

The Inquiry Request relates to a complaint Plaintiff submitted "against Defendant to the North Carolina Medical Board in November 2015. This complaint arises out of Defendant's treatment of the Plaintiff in February 2013." (Id. at 2.) Likewise, the "[C]omplaint arises out of Defendant's treatment of . . . Plaintiff in February 2013" (id.). (See, e.g., Docket Entry 2 at 4-6.) Moreover, Defendant disputes key issues in this litigation, including whether he spoke with Physician Assistant Kurian on February 21, 2013, or treated Plaintiff on February 19, 2013. (See Docket Entry 30-1 at 2-4; see generally Docket Entry 34 (concluding

6

that material factual disputes precluded award of summary judgment to Plaintiff).) Accordingly, materials such as "the written response to Plaintiff's complaint that Defendant submitted to the Medical Board" (Docket Entry 32 at 4) plainly qualify as "relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1). The Court therefore rejects Defendant's relevance objection.

Defendant also argues that confidentiality concerns warrant denial of compelled production of the requested materials. (See Docket Entry 32 at 4, 6.) In this regard, Defendant maintains that North Carolina privilege rules would preclude disclosure of these materials. (See id. at 6 (citing N.C. Gen. Stat. § 90-16).) As Defendant concedes, however, North Carolina privilege rules do not govern resolution of the instant dispute. (See id. at 3, 6.)[5]

---

[5] Additionally, Defendant appears to overstate the protections afforded the requested information under North Carolina law. The statute upon which Defendant relies protects materials in the possession of the North Carolina Medical Board from (i) treatment as public records and (ii) compelled production from the Medical Board. See, e.g., N.C. Gen. Stat. § 90-16(c) ("All records . . . and other documents containing information in the possession of or received or gathered by the Board . . . shall not be considered public records within the meaning of Chapter 132 of the General Statutes and are privileged, confidential, and not subject to discovery, subpoena, or other means of legal compulsion for release to any person other than the Board, . . . except as provided in subsections (d) and (e1) of this section."); N.C. Gen. Stat. § 90-16(e1) ("Upon written request of a patient, the Board may provide the patient a [doctor's] written response to a complaint filed by the patient with the Board regarding the patient's care. . . . Any information furnished to the patient or complainant pursuant to this subsection shall be inadmissible in evidence in any civil proceeding. However, information, documents, or records otherwise available are not immune from discovery or use in a civil action merely because they were included in the Board's

7

Similarly, the rationale Defendant offers for such rule does not apply here. According to Defendant, the rule "prevents unsubstantiated allegations against health care providers from becoming public." (Id. at 6.) The instant lawsuit already rendered public Plaintiff's allegations against Defendant. See, e.g., Hamilton v. Pallozzi, 848 F.3d 614, 618 n.1 (4th Cir. 2017) (explaining that a court filing constitutes "a matter of public record"); Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (explaining that the public possesses both a common-law and a first-amendment right of "access to documents or materials filed in a district court"). Finally, to the extent Defendant possesses additional (undisclosed) confidentiality concerns regarding dissemination of these materials, he remains free to seek a protective order from this Court or to enter into a confidentiality stipulation with Plaintiff. See Fed. R. Civ. P. 26(c); see also Innovative Therapies, Inc. v. Meents, 302 F.R.D. 364, 382 (D. Md. 2014) ("To address [the party's] confidentiality concerns, the appropriate remedy would be a confidentiality stipulation limiting use of the

---

review or were the subject of information furnished to the patient or complainant pursuant to this subsection."). Furthermore, for months after Plaintiff commenced this lawsuit, the relevant statute obliged the Medical Board to produce materials it planned to use as evidence in its case in chief in a contested hearing against a doctor to such doctor. (See Docket Entry 32-3 at 1-2.) That material remains "subject to discovery or subpoena between and among the parties in a civil case in which the [doctor] is a party." N.C. Gen. Stat. § 90-16(e).

information, rather than preventing its production altogether."). Under the circumstances, the Court rejects Defendant's confidentiality objection.

## CONCLUSION

The Court sustains Defendant's attorney-client privilege objection, but overrules his objection to producing "documents pertaining to Plaintiff's N.C. Medical Board complaint against Defendant" (Docket Entry 32 at 2).[6]

**IT IS THEREFORE ORDERED** that the Motion to Compel (Docket Entry 31) is **GRANTED IN PART** and **DENIED IN PART** as follows: on or before July 14, 2017, Defendant shall produce to Plaintiff all documents pertaining to the N.C. Medical Board inquiry initiated by Plaintiff.

This 30th day of June, 2017.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

---

6 If, upon receipt and review of the produced discovery, Plaintiff concludes in good faith that information contained therein warrants exploration via further discovery, he may file a motion, on or before August 4, 2017, requesting leave to conduct such discovery, notwithstanding the discovery deadline of July 31, 2017. Any such motion shall describe in detail the specific additional discovery Plaintiff would conduct and the nature and source of information from the discovery produced by Defendant in response to this Order that led Plaintiff to seek further discovery. Lastly, where (as here) the Court grants in part and denies in part a motion to compel, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). In this case, the Court exercises its discretion not to order any such apportionment.